CHARLES F. ROSS, PLAINTIFF-RESPONDENT, v. TIDE-WATER OIL SALES CORPORATION, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted May 26, 1924—Decided August 18, 1924.

**Negligence—Motor Vehicle Collision—Duty of Plaintiff in Avoiding Defendant's Car Which Had Been Standing But Began to Move Just at time of Approach.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, Collins & Corbin.

For the respondent, Addison P. Rosenkrans.

PER CURIAM.

This action grew out of an accident happening December 1st, 1923, on the Arcola road, in Bergen county. The plaintiff was driving northwardly on this road, and reached a point in a curve when, at two hundred feet distant, he saw the defendant's truck standing at right angles to the road, with its rear close to the westerly side of the highway. As he approached it the truck started up, going in a southeasterly direction, and covering a portion of the east side of the road.

This occurred when the plaintiff was within thirty feet of the truck, and going at a rate of twenty-five miles per hour. The plaintiff was suddenly confronted with a situation demanding the exercise of judgment to extricate himself from a dangerous situation. Deeming it safer to pass behind the moving truck rather than in front of it, he took that course, and a collision took place, whereby his car was damaged. It was for this damage that the suit was brought. At the conclusion of plaintiff's case, a motion for nonsuit was made and denied.

The contention is made on this appeal from the District Court of the Second Judicial District of Bergen county that the motion for nonsuit should have prevailed, and for the reason that the plaintiff himself was guilty of contributory negligence, in that he had room to pass in the rear, and should not have collided with the truck, and also in approaching the truck at a speed of twenty-five miles an hour with the possibility that the truck might move at any time. We think the motion was rightly denied. The plaintiff, proceeding at legal speed on his own side of the highway, finds a truck standing at rest on the opposite side. From all that appears in the case, if the defendant had not suddenly started the truck in the face of the approaching automobile the plaintiff would have passed safely on his own proper side. The starting of the truck in the face of the approaching car confronted the plaintiff with the dilemma of continuing in his course (it was then too late to stop), and attempting to pass in front of the moving truck, which was converging toward his own side of the highway, or attempting to save himself by passing in its rear. There is nothing to indicate that the plaintiff was given any indication that the truck would move in the the face of his right of undisputed passage. There was, therefore, no negligence in the method of approach which the court could declare, and when presented with the dangerous situation caused by the defendant's negligence, it is not for the court to appraise his conduct in attempting to pass to the rear instead of taking his chance of a collision by keeping ahead of the truck.

The judgment is affirmed.